# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO.     19-61782-CIV-ALTONAGA/Strauss

**CMZ ENTERPRISES, INC.,**

      Plaintiff,

v.

**SPYKER USA, LLC,**

      Defendant.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** came before the Court on Plaintiff's Motion for Partial Judgment on the Pleadings [ECF No. 32] ("Motion"), filed January 27, 2020.  The District Court entered an Order [ECF No. 33] referring the Motion to the undersigned for a report and recommendation.  The undersigned has reviewed the Motion, Spyker USA, LLC's Response in Opposition to Motion for Partial Judgment on the Pleadings [ECF No. 34], Plaintiff's Reply in Support of Its Motion for Partial Judgment on the Pleadings [ECF No. 35], and the record in this case.  For the reasons discussed herein, the undersigned **RECOMMENDS** that the Motion be **GRANTED**.

## I.    BACKGROUND

Plaintiff filed a five-count Complaint [ECF No. 1, Exhibit "A"] against Defendant in state court.  Defendant filed a Notice of Removal [ECF No. 1] removing the action to this Court.  On October 24, 2019, the District Court entered an Order Administratively Closing Case [ECF No. 20] based upon the parties' Joint Notice of Settlement [ECF No. 19], wherein the parties indicated they reached a settlement agreement in principle.  Thereafter, the parties entered into a written

Confidential Settlement Agreement and Release ("Settlement Agreement") [ECF No. 32-1] memorializing their agreement.[1]

Pursuant to paragraph two of the Settlement Agreement, Defendant was required to pay $282,725.00 to Plaintiff, with $56,545.00 due by December 5, 2019 (ten days from the Effective Date), and with the remaining $226,180.00 due by December 31, 2019. Defendant, however, failed to make the first payment. Consequently, on December 17, 2019, Plaintiff filed Plaintiff's Motion to Reopen Case and to Amend Complaint [ECF No. 21], which the Court granted [*see* ECF No. 24]. In accordance with the Court's Order reopening this case, Plaintiff filed its Amended Complaint and Demand for Jury Trial [ECF No. 25] ("Amended Complaint") on December 27, 2019. The Amended Complaint contains the same five counts as the initial Complaint and also adds a sixth count alleging that Defendant breached the Settlement Agreement by failing to make the initial payment due thereunder.[2] On January 10, 2020, Defendant filed its Answer and Defenses to Amended Complaint [ECF No. 26] ("Operative Answer").

It is Count VI of the Amended Complaint that is at issue here. In the Operative Answer, Defendant admits that the parties entered into the Settlement Agreement and that Defendant did not make the first payment due under the Settlement Agreement. *See* ECF No. 25 at ¶¶ 50-53; ECF No. 26 at ¶¶ 50-53. Notwithstanding Defendant's factual admissions in Count VI of the

---

[1] The Settlement Agreement, which is central to Plaintiff's claim in Count VI of the Amended Complaint, is attached to the Motion, but it is not attached as an exhibit to the Amended Complaint. Defendant, however, does not challenge the authenticity of the Settlement Agreement. Therefore, the Settlement Agreement may be considered without converting the Motion into a motion for summary judgment. *See Garcon v. United Mut. of Omaha Ins. Co.*, 779 F. App'x 595, 599 (11th Cir. 2019) ("When deciding a motion for judgment on the pleadings, a court may consider an attached document without converting the motion into one for summary judgment if the attached document is central to plaintiff's claims and its authenticity is not challenged." (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002))).

[2] Count VI is incorrectly labeled as a second count V.

Operative Answer, Defendant denies Plaintiff's allegation that Defendant breached the Settlement Agreement and that Plaintiff has been damaged by the breach. *See* ECF No. 25 at ¶ 54; ECF No. 26 at ¶ 54.

In addition to responding to the allegations of the Amended Complaint in the Operative Answer, Defendant has alleged fourteen affirmative defenses. Affirmative defenses two through nine and twelve are identical to the corresponding defenses Defendant previously alleged in Defendant Spyker USA, LLC's Answer, Defenses, and Affirmative Defenses [ECF No. 5] ("Initial Answer"). The first, tenth, and eleventh affirmative defenses in the Operative Answer are substantially similar to the corresponding defenses in the Initial Answer. The only defenses that have been added in their entirety to the Operative Answer are the thirteenth and fourteenth affirmative defenses.

## II.   <u>LEGAL STANDARD</u>

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) (quoting *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)). All material facts set forth in the non-moving party's pleading are accepted as true when evaluating a motion for judgment on the pleadings, and such material facts are viewed in the light that is most favorable to the non-moving party. *Id.* (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)). A court may not grant a motion for judgment on the pleadings "[i]f a comparison of the averments in the competing pleadings reveals a material dispute of fact." *Id.* (citing *Stanton v. Larsh*, 239 F.2d 104, 106 (5th Cir. 1956)). Courts, however, "have been firm in requiring that the issues be genuine and not based on mere pro forma denials or sham or patently false assertions in the pleadings." *Desoto CAB Co. v. Picker*, 228 F. Supp. 3d 950, 956

(N.D. Cal. 2017), *aff'd*, 714 F. App'x 783 (9th Cir. 2018) (quoting Wright *et al.*, 5C Fed. Prac. & Proc. Civ. § 1368).

The existence of affirmative defenses in an answer often prevents a plaintiff from obtaining judgment on the pleadings. *See Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989). Nevertheless, the affirmative defenses must be adequately pled to withstand the motion for judgment on the pleadings. *Ameriserv Tr. v. United States*, 125 Fed. Cl. 733, 742 (2016) (citing *Westport Ins. Corp. v. N. Cal. Relief*, 76 F. Supp. 3d 869, 882 (N.D. Cal. 2014)). In addition, the defenses must raise an issue "of material fact that, if true, would bar the" relief sought by the moving party. *Oneida Indian Nation v. Phillips*, 397 F. Supp. 3d 223, 232 (N.D.N.Y. 2019) (citing *Gen. Conference Corp. of Seventh-Day Adventists*, 887 F.2d at 230). Legally insufficient defenses do not preclude the entry of judgment on the pleadings. *See Sao v. Pro-Tech Prods. Inc.*, No. CV-19-05261-PHX-JJT, 2019 WL 6909566, at *2 (D. Ariz. Dec. 19, 2019) (citing *Qwest Commc'ns Corp. v. City of Berkeley*, 208 F.R.D. 288, 291 (N.D. Cal. 2002)).

## III. ANALYSIS

Defendant admits in the Operative Answer that it failed to make payment in accordance with the Settlement Agreement. The operative pleadings reveal that no material facts related to Count VI of the Amended Complaint are otherwise in dispute, and Defendant's affirmative defenses pertaining to Count VI fail as a matter of law. Therefore, Plaintiff is entitled to judgment on the pleadings with respect to Count VI. Defendant raises three arguments in opposition to the Motion. Each argument is discussed herein.

### A.  Denial of Paragraph 54 of Amended Complaint

First, Defendant argues that, although it admits it missed the deadline to make the first payment, it denies other elements of Plaintiff's claim for breach of the Settlement Agreement. Specifically, Defendant denies paragraph 54 of the Amended Complaint, which alleges the elements of breach and damages.[3]  *See* ECF No. 34 at p. 3.  *See also* ECF No. 25 at ¶ 54; ECF No. 26 at ¶ 54.  Consequently, Defendant asserts the Motion should be denied because Defendant denied material allegations.

Defendant's argument misses the mark.  Paragraph 54 of the Amended Complaint does not contain *factual* allegations.  Instead, the pertinent factual allegations are set forth in the paragraphs preceding paragraph 54 in Count VI.  The existence of the Settlement Agreement and Defendant's failure to make payment thereunder are the material facts.  These undisputed material facts demonstrate the existence of a contract (the Settlement Agreement), a material breach, and damages—the three elements of a breach of contract claim.  With respect to the issue of damages, it is beyond peradventure that Plaintiff has been damaged as a result of Defendant's failure to make payment.  Defendant's pro forma denial of paragraph 54 of the Amended Complaint does not create any genuine issue.

### B.  Defendant's Affirmative Defenses

Second, Defendant argues that judgment on the pleadings cannot be entered as Defendant has pled affirmative defenses.  While the mere existence of affirmative defenses is often sufficient to prevent a plaintiff from obtaining judgment on the pleadings, *see Gen. Conference Corp. of*

---

[3] *See Deauville Hotel Mgmt., LLC v. Ward*, 219 So. 3d 949, 953 (Fla. 3d DCA 2017) ("To prevail in a breach of contract action, a plaintiff must prove: (1) a valid contract existed; (2) a material breach of the contract; and (3) damages.").

*Seventh-Day Adventists*, 887 F.2d at 230, Defendant's affirmative defenses do not defeat the Motion in this case.

The majority of Defendant's affirmative defenses do not even apply to Count VI. Specifically, affirmative defenses two through nine and twelve—the affirmative defenses in the Initial Answer [ECF No. 5] and the Operative Answer [ECF No. 26] that are identical—apply to other claims alleged in the Amended Complaint. In addition, the Tenth Affirmative Defense only addresses "the Dealer Contract," which is not the subject of Count VI of the Amended Complaint. That leaves the First, Eleventh, Thirteenth, and Fourteenth Affirmative Defenses, which are addressed in turn.

### 1. First Affirmative Defense

Defendant's First Affirmative Defense provides as follows: "CMZ's claims for relief fail to state a cause of action upon which any relief may be granted. Among other things, CMZ has failed to meet its burden of adequately identifying the contracts that form the basis of its purported claims." As discussed above, however, Count VI of the Amended Complaint alleges the breach of contract elements and material facts sufficient to establish the elements. In addition, paragraph 50 of the Amended Complaint alleges the effective date of the contract at issue, and Defendant admits paragraph 50 in the Operative Answer. Thus, the First Affirmative Defense does not create any issue of material fact and is legally insufficient to bar entry of judgment on the pleadings.

### 2. Eleventh Affirmative Defense

Defendant's Eleventh Affirmative Defense raises the defense of impossibility. Specifically, it provides as follows: "CMZ's claims are barred to the extent performance of the subject agreements was rendered impossible by unforeseen facts and circumstances beyond Spyker's control." The alleged breach at issue in Count VI, however, is the failure to make a

6

payment.  Impossibility cannot serve as a defense to such a breach.[4]  *See LSREF2 Baron, LLC v. Beemer & Assocs. XLVII, L.L.C.*, No. 3:10-CV-576-J-32JBT, 2011 WL 6838047, at *3 (M.D. Fla. Dec. 29, 2011) ("[S]imple inability to pay does not create an impossibility or impracticality which excuses a party's performance of his contractual [obligations]." (citations omitted)); *Hoosier Energy Rural Elec. Co-op., Inc. v. John Hancock Life Ins. Co.*, 582 F.3d 721, 728 (7th Cir. 2009) ("[T]he 'impossibility' doctrine never justifies failure to make a payment, because financial distress differs from impossibility.").  Accordingly, Defendant's Eleventh Affirmative Defense fails as a matter of law.

### 3.  Thirteenth Affirmative Defense

Defendant's Thirteenth Affirmative Defense provides as follows: "CMZ's claims are barred in whole or in part to the extent CMZ attempts to seek legal and/or equitable remedies that are inconsistent with and/or in addition to remedies and limitations of liability set forth in the agreements between the parties."  While this defense may prevent Plaintiff from obtaining a double recovery on one or more of the other claims raised in the Amended Complaint after prevailing on Count VI, it does not prevent Plaintiff from obtaining judgment as a matter of law on Count VI in the first instance.

### 4.  Fourteenth Affirmative Defense

Defendant's Fourteenth Affirmative Defense provides as follows:

> Count [VI] fails in whole or in part because CMZ concedes that the overall deadline to make the final settlement payment had not yet expired when it filed its Amended Complaint (Cplt. ¶ 51), and the breach alleged was therefore immaterial in light of attendant circumstances beyond Spyker's control that rendered performance impossible at that time. Moreover, CMZ has itself breached material provisions of the subject settlement agreement through its Amended Complaint, which serve to discharge Spyker's obligations under that instrument.

---

[4] This is particularly true in this case given that the subject payment deadline was a mere ten days after the effective date of the Settlement Agreement.

Defendant is essentially raising two defenses—impossibility and prior breach.[5]   For the reasons discussed above (*see supra* Part III.B.2), Defendant's impossibility defense fails as a matter of law.  Defendant's prior breach defense also fails.  While prior breach is a valid defense to breach of contract, Defendant alleges that Plaintiff breached the Settlement Agreement *after* Defendant had already breached the Settlement Agreement by failing to make payment.  Thus, even accepting the facts alleged by Defendant as true, Defendant has failed to adequately raise the defense of prior breach.

## C.  Defendant's Discovery Argument

Third, Defendant argues that "[j]udgment on the pleadings would violate [Defendant's] right to conduct discovery and receive a full and fair hearing on the merits of its defenses."  ECF No. 34 at p.4.  Given that the pleadings reveal no material factual dispute and given the legal insufficiency of Defendant's affirmative defenses, this argument is meritless.  *See McCullough v. Nesco Res. LLC*, 760 F. App'x 642, 645 (11th Cir. 2019) ("We also find no merit to McCullough's claim that the district court erred by granting Nesco's motion for judgment on the pleadings. . . . [T]he district court did not err in granting judgment on the pleadings prior to the completion of discovery, because discovery was not necessary to conclude that McCullough's claims failed as a matter of law.").

---

[5] Defendant's impossibility defense appears to be tied to Defendant's claim that its failure to make the initial settlement payment was a non-material breach.  To the extent Defendant is stating its failure to *timely* make payment is a non-material breach separate and apart from its impossibility defense (which is not apparent from the Fourteenth Affirmative Defense as pled), the undersigned disagrees.  Had Defendant raised a payment defense stating that it made the initial settlement payment a few days late, Defendant's breach may not have been material.  However, Defendant has not raised any such defense.  Moreover, the Amended Complaint was not filed until twenty-two days after the initial settlement payment was due.  Given that the initial settlement payment was due ten days from the effective date of the Settlement Agreement, and that Defendant had still not made the initial payment even twenty-two after that deadline, Defendant's breach was material based upon the undisputed facts revealed by the operative pleadings.

IV.   <u>**CONCLUSION**</u>

For the reasons discussed above, the undersigned respectfully **RECOMMENDS** that the Motion [ECF No. 32] be **GRANTED**.

The parties will have **14 days** from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Cecilia M. Altonaga, United States District Judge.  Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in this Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interests of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 2nd day of March 2020.

Jared M. Strauss
**Jared M. Strauss**
**United States Magistrate Judge**

Copies furnished via CM/ECF to:

Honorable Cecilia M. Altonaga

Counsel of Record